Your Honors, good morning. Rob Keenan for the government. I'd like to reserve two minutes, please. The order in this case, granting the 2255 motion, should be vacated and reversed for two reasons. First, the district court lacked jurisdiction, and the order itself is without any legitimate legal or factual basis. We talk about the first part, not the merits. This case has a bizarre procedural history. But when this Court sent the case back to the district court and said we're revesting you with jurisdiction in this case so you can enter the order that you previously entered but you didn't have jurisdiction, doesn't that solve the jurisdictional problem? No, it doesn't, for a couple of reasons. Rule 12.1 doesn't vest the court, the district court, with jurisdiction. It's only a grant of additional jurisdiction. So the question is whether or not the district court had authority to do what it did in its April 2011 order. And I suppose under Ed Feist, there's a couple of other grounds. First, in order for this Court to properly authorize the district court to reconsider the previously resolved claim regarding the voluntariness of the guilty please, it would require a three-judge panel. There's only a two-judge panel that actually, according to the record, that Judges Reimer and Callahan, the two of them, have the authority to review the case.  So the question is whether or not the district court has the authority to review the case. Put aside whether he made the correct decision. I'm just trying to figure out, here's what happens in this case, and I don't understand it, but I'm trying to follow it through. The defendant, if you will, promptly appeals. I mean, appeals timely. He raises the very issue that we're going to have to struggle with today on demerits. And because of a variety of procedural morasses, the case goes back and forth and back and forth. And at one point when it goes back, the judge says, oh, that issue that's on appeal, I've now thought about it, and I think I was wrong and I want to fix it. And so having some difficulty viewing it in that larger context, figuring out why the defendant should be ‑‑ if we have to address the issue now, it will be the same issue that the judge addressed and we will have to decide it on its merits. Why not just review the judge's decision on its merits? Well, the question is whether the district court in June or April or June of 2011 had jurisdiction to reconsider the issue at all. And under HEDPA it didn't. Let me try this differently. If we reach the merits of the case today, we're going to have to decide whether the judge's comments at the sentencing hearing require some relief be granted. Correct. That's what the judge held. The judge held that his comments at the sentencing hearing required that some relief be granted. Why should we fool around with whether or not he had the power to say that or not? Why don't we just move to the merits of this case? Because of the importance of the HEDPA, the act, that's how I pronounce it, that places jurisdictional limits on this court as well as the district's court. Congress's clear instruction was that it didn't want the Federal courts to be in this sort of cycle of constantly reconsidering cases. What HEDPA section are you talking about? 2255 and 2244, the two primary sections. Yes. Which say, in your view? Which hold that successive petitions or motions, applications, cannot be reconsidered if they prove. What successive application? There can be no new claim. There can be no claim reconsidered if it's already been litigated and resolved on the merits. That's what the HEDPA holds. Does HEDPA preclude a 60B motion? A proper one? It does, yes. Because that's what he granted. He granted the 60. He essentially granted a motion to reconsider. Yeah. His original ruling, right? On his own initiative or motion. No, I mean, but he granted a motion to reconsider. Yeah. He granted relief from the earlier judgment. That's correct. Specifically, the judgments or the order denying the 2255 in March of 2009. Where's the second or successive motion here? What motion did Mr. Shetty bring that falls afoul of 2255? Well, that's under the Calderon case, Calderon 1, the Supreme Court case dealing with an order that this Court issued recalling a mandate. The Supreme Court held that there was no qualifying petition or application, and so the HEDPA's provisions were not strictly applicable. Nonetheless, the intent of HEDPA still had to be respected, according to the Supreme Court in Calderon 1. And so in this case, because the district court ignored the five pending petitions that Mr. Shetty filed in late 2010 and that were pending in front of Judge Snyder, he didn't purport to consider those, Judge Carter. He focused only on the original petition that was filed in 2007. So strictly speaking, there was no new motion or new application. In order, under Rule 60B, though, I think there at least has to be some consistency there. If you – if the Court were to conclude that a motion isn't required, a motion by the defendant here isn't required under Rule 60B, that the Court can act on its own initiative, then it – and that's a motion under Rule 60B. It would seem to me that the Court's own – acting on its own initiative should also qualify as a motion or petition, a successive motion or petition under HEDPA. Even a motion in the same case? Pardon me? A motion in the same case. Yes, if I understand that correctly. Well, so if – assume that you're wrong and that the district judge had the power to enter this order, right or wrong, how do we review his decision? De novo or with deference? I think it would be – I don't think there's any deference warranted here. Okay. If that's your position, then aren't we exactly in the – so even if you're right and he had no power, on appeal, Mr. Shetty is saying the district judge should have entered this order, and whether it's de novo review of what he did below or issue of law for us, tell us why he shouldn't have entered the order. The Rule 11, the alleged ineffective assistance claim that is the subject of this district court's order here, was that the defendant was denied effective assistance of counsel because at the sentencing hearing this maxim out comment was made, and that his lawyer at the time didn't object and didn't move for a new Rule 11 colloquy. The argument there, and there's several grounds, Rule 11 doesn't apply at sentencing. The previously – the guilty pleas were previously entered. So there's no Rule 11 violation. Eight months before, there was a change of plea hearing that was fully compliant with Rule 11. There was no Rule 11 violation at the time. The record is clear that the district judge, same one, in 2004 – yeah, April of 2004 accepted Mr. Shetty's two guilty pleas and made the required findings that it was knowing involuntarily made. So move away from the conviction for a second, because I think, you know, I understand your position on that. Here's what happens as I understand it at the sentencing, and this is a convoluted record. There's a guilty plea that stipulates to a loss between 120 and 200, I think. Correct. Which would make it a 21 to 27-month range. For some reason that the record doesn't make clear, at least as I can find out, the government and Mr. Shetty stipulate that the loss is 60,000 at the time of the hearing. Right? That's correct, yes. That moves it down to a range of 12 to 20. 12 to 18 months. 12 to 18. Under level 13. And then, for reasons I also don't understand, everybody squabbles during the hearing about what the loss really was, and the judge finally gets exasperated and says, look, guys, if you want to go try this case, you can go try it, but I got to tell you, Mr. Shetty, if you try it and you lose, you're going to get the max. And the judge later looks at those remarks and says, that's not an appropriate thing for me to say. That may have affected the decision. The option that I gave to Mr. Shetty at the time and his lawyer conferred with him and I coerced him into not trying the case, if you will, even though he didn't have any right to try it. If that's a correct chronology, and I think it's largely correct, why isn't the judge entitled to say, that was a stupid thing for me to say and I want to fix it? I mean, that's essentially what he did here. I think the answer is because Congress says so. In the Edput case, Congress, statute rather, Congress is sending a clear message. The Federal courts have limited taxpayer resources. The constant reconsideration of issues. And here it was the third time up. So take it out of the judge's power for a second. It's now in front of us. Sure. The three of us may think the judge was correct in saying, that was an unjudgeable thing to say and there ought to be some remedy for it. Why shouldn't we give some remedy for that unjudgeable comment? Well, the question is whether or not there's a constitutional at that point. The question essentially, should a COA be granted on that issue, a certificate of appealability and the merits reached on that particular issue. There has to be a fundamental defect that results in a miscarriage of justice. It has to result in prejudice, doesn't it? And prejudice, yes. There's and there also has to be actual innocence under the Boosley standard. So there are multiple areas where the defendant fails in that regard and why this Court shouldn't grant relief at this late date from the judgment of prejudice. It's the prejudice ground that I'm particularly interested in because I'm having a hard time looking at this record, figuring out how Mr. Shetty does better on his sentence. Well, let's see. Since he had agreed initially that it was in the 21 to 27 range, he had, by the way, is there anything in this record that tells us why the 60,000 was stipulated to? The guideline basis was not, the guideline calculations were based on the money laundering count. The parties never stipulated and Mr. Shetty never admitted under oath the loss amount on the fraud charge, what the total amount of the scheme was. So in the revised presentence report, which the parties essentially stipulate to ultimately at the sentencing hearing, is based on the guideline applicable to the money laundering count, which produced the higher one. And as to that, that particular, the amount of the proceeds that were laundered on that particular count, that was stipulated to in the factual basis. So there was a Amaline and Blakely approved basis for applying that guideline calculation. And all of the other enhancements that were potentially applicable and that were, in fact, applied in the original presentence report were thrown overboard. So we wound up with a far better circumstance for Mr. Shetty. He didn't get the role enhancement for being a leader organizer. He didn't get the higher loss amount based on the calculation of the loss amount on his multiyear fraud scheme involving not just the one mortgage, fraudulent mortgage, but multiple fraudulent mortgages. So it's not the case. He wanted a sentence below 12 months. Sure. He was in custody, actually, from November of 2003 to December of 2004 at the time of sentencing. So this is almost a time-served sentence. It was a remarkably good deal in that sense. He was concerned about his immigration consequences. That issue as well. That seemed to be really what was driving the whole his whole position of sentencing. His lawyer argued for a sentence under 12 months. That's correct. There were six months, basically a time served, but he wanted it stated as zero to six. And he told the judge in the record that this was because of immigration status, that he wasn't sure whether it needed to be 12 months or 11 months and 30 days, but one of those would give him a different immigration situation. That's correct. Did you want to say some time for rebuttal? Yes. All right. You've got two minutes. Please, the Court. Michael Clough on behalf of Mr. Shetty. I think the Court got it right when it said this is a very convoluted procedural history. I think on the jurisdiction question that the question is simply the Court, this Court, made a decision in full consideration of 12.1 to refer the matter back to the district court judge. Every single one of the issues that the government argues now, the Court would have been aware of. Well, I mean, all that means is that we sent the case back. We restored jurisdiction so that the district court could act and it could rule on the motion for reconsideration. That doesn't mean whether we're not blessing it saying it's correct or anything like that. We just sent it back to the district court judge. And the only jurisdiction. Enter your order, whatever you're going to do. And the only thing we did when we did that was we removed the block, the block that was caused because the case was in front of us. That says nothing about whether you had jurisdiction to do something else. It just says that we're taking our block out of there. Well, I think that I would actually disagree with that on the following grounds. Assuming you lost that. What? Assuming you lost that, then you've got to say, well, did he have jurisdiction otherwise, right? Yeah, I would agree with that. And I think, and that's why I said in the alternative, I think that 60d does provide jurisdiction. I think that the arguments on AEDPA and the successive motions bar really require the Petitioner to do something. I understand the Calderon argument. But Calderon, as I think the Court's familiar, very unusual circumstances. I don't think it is certainly not a precedent that applies in this case. And if we go to the 60d-6 rule, the only real case that is cited is Snell. And I've tracked Snell afterwards. I can find no case in this circuit where Snell has ever been cited subsequently for the rule that the government cites. And the government's own footnotes, which are stuck in the reply brief, provide clear evidence that the Ninth Circuit precedent, I mean, numerous courts have said that King vision is the precedent in this court. So I think that there's a 60d-6 basis. But the question of the basis or not, though, I don't quite see why that's a jurisdictional question. I don't see why, frankly, I don't see why any of these rules are jurisdictional. I think it's clear that once this Court acted, it had jurisdiction. Well, that's a different response.  I'm not quite sure. I'd like to ask you, the Supreme Court has made it clear to us that in the past, courts, including the Supreme Court, had used jurisdiction in a very sloppy way. The point is, we have said and the Supreme Court has said that these civil procedure rules are claim processing rules. They're not jurisdictional. So I fail to see why the district court didn't have jurisdiction to do these things, even if it shouldn't have done it. I think I follow the decision. Let me try to clarify. Can we move to the shouldn't have done it part, which you've done, Judge Fernandez? I'm sorry. Yeah. Even if. Yeah. And I wanted to segue on what Judge Fernandez said. So let's move to the shouldn't have done it or should have done it part. Okay. I tried to recount the history a moment ago. Is that essentially accurate? Yes, I think so. So why is it that the judges, and I don't, I think the judge here is very conscientious, so I don't want to mischaracterize it, but why is the judge's stray remark affected all the Rule 11 colloquy on guilt? For two reasons. If Judge Carter, who I think is an amazingly forthright judge, does not say prior to his comments that there is, I don't think there was a meeting of the minds, and if he does not essentially and very clearly open the issue in terms of whether or not there was in fact a bargain, a finalized plea, and he says at this point in time, very explicitly, I will entertain a motion on either party to set aside the plea, he's in effect very clearly said the plea wasn't finalized. Now, as the judge alluded to. He didn't say it. He said I would entertain a motion. That's far beyond whether he had authority to entertain a motion. That's a different question. There was a plea. It was accepted. We know that. Nine or ten months before, the sentencing took place and he made his stray comment. And that question, Mr. Shetty never made a motion, never said a word to the fact that he wanted to do that, either before the judge made his interesting comments or after the judge made his interesting comments. Neither did the government. Nobody said anything. And if somebody had said it, he'd have heard a motion, had to hear a motion to decide whether there's a legal basis. Would he not have? First, I think we've got to be clear there was no gap in time. If you read the actual transcript, Judge Carter says there's no meeting of the minds. Then he says I'll entertain the motion. I'm talking about the time he took the plea. There was a plea taken. And he accepted the plea then. And now he's sort of off the top of his head that there's no meeting of the minds. And he says there's no meeting of the minds because when I was in state court, we used to sit down with them and instill it. We know that that is what used to happen in state court. The House Supreme Court has sort of jiggled that a bit. The judges used to sit down with the consul, and they would sit there through the plea negotiation, and they'd make a deal, and the judge would give a, what do we call it? Indicated sentence. Indicated sentence. Indicated sentence. And all he's talking about, it looked to me like, was, gee, I don't like the way things go in the federal system. In the state system, we used to do X, Y, and Z. Well, I don't see where that goes in terms of setting aside a plea. I want to parse a couple of things here. First, I want to be very clear. I think that Judge Carter's statements about no meeting of the minds in the context of the intervening variables that have to do with Ameline and Blakely, this is not a situation in which the usual plea change that we've got where there's very little that really changed. The whole issue over loss amount was related to Ameline and Blakely. That's exactly what Judge Carter was reacting to. And so my position would be that Judge Carter, in effect, made a factual finding that there was no meeting of the minds and that, therefore, the plea to come back to the... I thought before all that happened, they came in and they said we stipulate. We stipulate to a sentence of 15 months or whatever it was, or a loss of $60,000, and we stipulate. And he got upset with them because Mr. Shetty was sort of flip-flopping on the extent of his involvement and what he did and what he said to the probation officer and whatnot. And the judge was very upset with Mr. Shetty's sort of action in stepping back from it. And then he kept talking about he needed the immigration, wanted a sentence less than a year, and the judge just finally threw up his hands and said, you know... Right. And I think that's actually an important factor in considering in the overall context, because I think that what Judge Carter actually reflected in his reconsideration is there had been a prior history, which has nothing to do with any of the issues, a clash over a bail or a bond or something. Yes. They talk about that. And it has no relevance in a substantive way, but I think that you're absolutely right that Judge Carter was reacting, and that's when he quickly said, and I will max you out. And we obviously can't read Judge Carter's mind, but in reading his comments later, it seems pretty clear that he, in a sense, said, I was harsh in reacting and that I may have reacted dextraneously. Okay. And let's assume that he said that. I still don't understand how it affects the guilty plea. I mean, he says, it appears to me there may not have been a meeting of the minds, but nobody's here, nobody ever argued to him that there wasn't a meeting of the minds. The Role 11 colloquy was unexceptional as far as I could tell. So this leads me to think that maybe, at most, the relief Judge Carter could give is to say, look, maybe I – because the whole hearing up to that point is about whether or not you get a Blakely hearing and evident hearing about the loss amount. And I don't know why he switches to guilt or innocence at this point, but all up until then, he says, you want a hearing on that, guys, you're entitled to one. And both sides pop up and say, no, no, we've stipulated. It's 60,000. So assuming that you're entitled to anything, isn't it at most a new sentencing hearing? And is that what you really want? Because outside – it looks to me like in the absence of this plea agreement, which whoever negotiated it did a very good job, your quiet faces would face substantially more time than he got. You don't know if I can make two – answer one? Sure. And I know that was a rambling question. The first – on the first issue, I think that it's very important that you're absolutely right, no motion was made, but before Mr. – the indications were that Mr. Shetty was going to make that motion. Before Mr. Shetty had a chance to make that motion, Judge Carter says, but if you do this, I'm going to do that. And that was what was – I want to focus on that statement because it seems to me that while it might have been phrased better, it's the kind of thing you'd almost want a trial judge to say to somebody who's considering getting out of a very favorable plea agreement. And they said, look, if you want to try this, you can try it, but I've now read the pre-sentence report and I've now seen you and I've now considered everything. And if I wasn't constrained by the plea agreement, I would probably give you the max. So before you – so before you withdraw from the plea agreement, consider that, my friend. What's wrong with that? Well, Your Honor, I would say the State system and the Federal system, as Judge Carter indicated, are different systems and they function according to different rules. I won't take a position in the abstract about which is better and which isn't, but I think the rule in Federal court is that if there is a plea situation going on, the court can't do that. And that's what Judge Carter clearly recognized. So even though I practice a lot in State court and – Well, that's in a plea negotiation. I agree that a judge couldn't do that in a plea negotiation, but if your client had moved to withdraw his plea and try the case, what would be wrong with the judge cautioning him that if he did, based on what he's heard so far, he would likely get – if he got convicted, he'd likely get the max? Because once again, factually, I think at the point at which Judge Carter indicates that there is no meeting of the minds, and that's a factual determination that's entitled to deference, at the point at which he makes that factual determination, it then throws it into an open situation in which Mr. Shetty has a decision to make and the judge's comment, as Judge Carter clearly recognized, intervened in that. Let me – Where's the ineffective assistance of counsel, which was the basis for the original 2255? The – as I cite to – in Judge Carter's order, he cites two specific pages. But what's the ineffective assistance? The ineffective assistance of counsel would have been the failure to object to the judge's comments. And one of the points I made – So then what's the prejudice? Okay. Let's assume that any reasonably competent attorney would have stood up there and said, Your Honor, that's an inappropriate remark. You had to think twice about that. Right. And I think that the prejudice – and this comes back to the larger issue of prejudice – this is a plea case, okay? So the prejudice is whether or not he would have accepted the plea. No, the – well, at that point, it was whether he would have withdrawn from the plea. Withdrawn, that's what I mean. I mean, withdrawn the plea, whether or not he would have. So where in the record does it – where in the record is there any place, any statement, any indication that he would have withdrawn from the plea, that that's what he wanted to do? I think the habeas petition, which was filed by Mr. Shetty – No, no, no. I'm sorry. I understand what the Court's saying. There's nothing. I couldn't find anything, and we looked. I think there are two issues here. One, and the Court's obviously aware of the strange procedural history and how I even came into the case. Mr. Shetty filed pro se. Everything that Mr. Shetty filed was pro se up until the point at which this Court essentially removed him and asked me, appointed me to step in. So I think by the standards on which courts generally interpret pro se petitions, I think that he – his petition makes the case that he would have withdrawn the plea. And if I can just quickly go to the prejudice issue, because I think it's important. I understand what the Court is saying about, you know, what sentence he would have gotten, and the Court is obviously aware. This issue is an immigration issue. And so Mr. Shetty's opportunity or alternative is to go to trial, and the prejudice that he suffers from not going to trial is not that he would receive a worse sentence. It's the question of whether or not he would be deported or not. And so it's in that context he suffers extreme prejudice from having, you know, he's been here for a long time, et cetera. And so therefore, in that context, and I have to say, you know, this is – I'm reflecting my client's clear decision whether or not I would independently make that calculation. That's a different question. But he has clearly indicated that given the choice between risking a worse sentence and having the possibility of going to trial, that the balance to him, the prejudice caused by the prejudice. Well, during the plea colloquy, there was an exchange about have you considered the immigration consequences to your plea. And the answer was yes, and the lawyer says, well, I'm not an expert, and I don't know all this stuff, but we discussed it. So they were aware of all of this. I understand that issue was raised on the habeas. It didn't play out in the content. And see, this is the other complication about this case, because my position would be that if the court denies or grants the government's appeal, that the remedy is then a restoring the status. So you're then you're back on appeal. Back on appeal. That was the lesson with your permission. I don't see any way, and that's also, I mean, to go full court, it's also why I think the court, the jurisdiction issue is largely irrelevant. Can I just ask you one procedural question? Sure. A COA was, was a COA ever granted in this case? No. So if we went back to some previous square, the question would be whether or not this, whether or not the trial court should grant a COA. He had denied it. He denied it. He denied it. He denied it. So it would be a question whether this court should grant a COA. The question is with the Ninth Circuit on whether or not it was granted. And the panel didn't address that issue because it revested jurisdiction. And these other issues, like, for instance, the question was just raised about IAC, those were there and would be considered in the context of the direct appeal. Of the direct appeal. Of the direct appeal. I think that, quite frankly, the main difference on the merits is that, and it goes in contrast to the government's position, I think that Judge Carter's, it's a very interesting issue in terms of deference to Judge Carter's findings at what point in time, but I think that in this proceeding, if the case decides, if the court decides it on the merits as opposed to jurisdiction, Judge Carter's factual findings are entitled to deference. And, quite frankly, I don't think the government presents any real argument. I understand the arguments the courts make. Roberts. Roberts. Do you have a question, Judge Fernandez? Okay. Thank you. Counsel, we appreciate your argument. I wanted to just address a couple of things. Can you first address the procedural statute? Yes. Let's assume that you prevail and we say Judge Carter shouldn't have entered this order. Doesn't the Ninth Circuit, whether it's this panel or not, have to then decide whether or not to grant a COA on his ineffective assistance to counsel claim? I think it would put it back to sort of the status quo, anti-fair. If we granted one, wouldn't we be addressing the same issue we're talking about today? Yes. And I think as part of the disposition of this appeal, if the court vacates the district court's order, this court's order should also address the COA issue, and I think it should be denied. How can we address the COA? Pardon me? There's no case. I'm sorry. There's no case pending at that point. We dismissed the original appeal. The original appeal is gone. It's a safe way. It would have to be somehow reinstate the original appeal, and then despite the fact that the district judge had denied the COA, we would have to decide whether or not it was COA. I don't see how we can do that in this case. Well, I think just in terms of the ‑‑ I understand all of those points. I think just in terms of judicial resources, it's good to use the panel here that's already fully familiar with the record to address the COA issue. Maybe there's another way to address that, but that was ‑‑ that's my view of it. As to Rule 60b, there is a ‑‑ If we could sui sponte, you know, reinstate ‑‑ I was going to use that joke myself. But I decided not to. But I think ‑‑ But it does strike me that Mr. Shetty is in a little bit of a ‑‑ Do you think we have jurisdiction? It does strike me that he's in a little bit of a procedural catch-22. He appealed the original order. He asked us to grant a COA. We said we don't have to do any of that stuff. We're sending it back to the trial court. If you prevail on the notion that the trial court didn't have jurisdiction to do what it did, surely we ought to give him a shot at his appeal. We can't say, oops, everything is gone now. If the court were to find ‑‑ that's correct. The last point on Rule 60b, I do believe the time limits are jurisdictional. We cited two cases. I hope I haven't missed some wrinkle or developments in the law. But the Browder case, Supreme Court case, this Court's decision in Martin, and I think other cases I've cited, established that Rule 60b limit is jurisdictional. But isn't 60b-6 a reasonable time? I'm sorry? 60b-6 is a reasonable time, is it not? For judicial mistakes under the Gila River Ranch case, it has to be within 60 days. That's ‑‑ that's A? Yes. If it's A. Yes. Okay. Thank you, counsel. We appreciate your arguments. The matter is submitted. Interesting little case. Thank you.
judges: Fernandez, Paez, Hurwitz